IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MASHELIA GIBSON, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 20-cv-03220-PX |
| MARYLAND MOTOR VEHICLE ADMINISTRATION, | * | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTOR VEHICLE ADMINISTRATION'S MOTION TO STRIKE THE DECLARATION OF TAMMIE BOOZE FILED IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Comes now, Maryland Motor Vehicle Administration ("MVA" or "Defendant") by and through its attorneys Anthony G. Brown, Attorney General of Maryland, David C. Merkin, Neil I. Jacobs and Leight D. Collins, Assistant Attorneys General, and respectfully moves the court, pursuant to Rule 12(f) and Rule 56 of the Federal Rules of Civil Procedure, (" Fed. R. Civ. Proc"), for the entry of an order striking the Declaration of Tammie Booze, filed by plaintiff, as Exhibit 19 in support of Plaintiff's Opposition to Motion for Summary Judgment (ECF 48) on the grounds set forth below:

1. Local Rule 601(3) defines affidavit as "either (1) a sworn statement the contents of which are affirmed under the penalties of perjury to be true, or (2) an unsworn declaration as provided under 28 U.S.C. §1746. Unless the applicable rule expressly requires the affidavit to be made on personal knowledge, the statement may be made to the best of the affiant's knowledge, information, and belief."

2. An affidavit or declaration used to support a motion must be made on personal knowledge and show the affiant or declarant is competent to testify. Fed. R. Civ. Pro. 56 (c) (4);

3. Affidavits or declarations serve to authenticate facts and ought to be signed by the person making the statements in the document.

4. In the instant case, Ms. Booze did not sign the declaration submitted by Plaintiff in support of facts deemed crucial to her pursuit of summary judgment in this matter. Such critical facts include Ms. Booze's belief that Plaintiff did not falsify any documentation or admit to any of the charges alleged against her by the MVA. Further, Ms. Booze declares a male Vehicle Complaint Agent was treated differently than Plaintiff during the investigatory process.

5. Accordingly, the document is neither affirmed to be true as defined by both the local rules and the Fed. R. Civ. Proc., nor can Defendant be assured it is being submitted on "personal knowledge and belief" of Ms. Booze.

6. A motion to strike presents an extraordinary remedy, particularly when presented at a time when the Court will be considering a motion for summary judgment, wherein the Court must "assume the truth" of statements presented by the moving party and draw reasonable inferences in favor of the non-moving party, sometimes crediting non-movant's statements. *U.S. ex rel, K & R Ltd. Partnership v. Massachusetts Housing Finance Agency*, 456 F. Supp. 2nd 46, 51- 54 (d. DC 2006). Thus, the purpose of any affidavit or declaration is to assure the Court that a statement is reliable and worthy of consideration when the Court is faced with deciding whether a genuine issue of material fact exists, warranting a trial. Accordingly, a district court may strike non-conforming exhibits, such as an affidavit that fails to satisfy all or some of the requirements. *Id.*

7.      Fed. Rule. Civ. P. 12(f) permits the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." By definition, the declarant's unsigned pleading is insufficient and is rendered immaterial because of its non-conformity to the rule.

8.      In the instant case, Plaintiff puts forth Ms. Booze's declaration to affirm the crux of her complaint, that she was unfairly treated and discriminated against by the MVA. However, in so doing, she is asking the Court to rely upon a declaration that has not actually been attested to by her own witness. Nor has the declaration been made under any penalty of perjury, or with any acknowledgement by Ms. Booze that the statements are being asserted as truth with a penalty or consequence should they be deemed perjury. Accordingly, Plaintiff has failed to satisfy the most basic of criteria associated with an affidavit or declaration, that it be a competent affirmation of the facts as evidenced by the affiant or declarant's willingness to actually sign the document.

Wherefore, Defendant Maryland Motor Vehicle Administration, respectfully asks this Court to strike the Declaration of Tammie Booze.

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

 /S/  Leight D. Collins
_____

LEIGHT D. COLLINS
Assistant Attorney General
Federal Bar No. 06659

 /S/   Neil I. Jacobs
_____

NEIL I. JACOBS
Assistant Attorney General
Federal Bar No. 11634


 /S/ David C. Merkin
_____

DAVID C. MERKIN
Assistant Attorney General
Federal Bar No. 12132
Office of the Attorney General
Motor Vehicle Administration
6601 Ritchie Highway, N.E., Room 200
Glen Burnie, Maryland  21062
(410) 768-7414
(410) 768-7474 (facsimile)
lcollins@oag.state.md.us
njacobs@oag.state.md.us
dmerkin@oag.state.md.us


**Dated: June 15, 2023**               **Attorneys for Motor Vehicle Administration**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2023, Defendant's Motion to Strike was filed and served through CM/ECF Case Management System on Nathaniel D. Johnson, Esquire, 3261 Old Washington Road, Suite 2020, Waldorf, MD 20602, ndjesquire@gmail.com, counsel for Plaintiff.

/S/ Leight D. Collins
_____
LEIGHT D. COLLINS
Assistant Attorney General
Federal Bar No. 06659