## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MASHELIA GIBSON,** | |
| *Plaintiff,* | |
| **v.** | **Civil Action No. 20-3220-PX** |
| **MARYLAND MOTOR VEHICLE ADMINISTRATION,** | |
| *Defendant.* | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION TO STRIKE

**NOW COMES** Plaintiff, Mashelia Gibson, by and through her undersigned attorney and, pursuant to Fed. R. Civ. P. 7, 12(f) and 56 and Local Civil Rule 105, files this Memorandum in Support of Plaintiff's Motion to Strike.

### I.      INTRODUCTION

On June 16, 2023, Defendant filed its Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Reply Memorandum") (ECF 51). That Reply Memorandum contains several instances of immaterial and impertinent representations:

a.   Defendant's re-casting, Merennege Salgado, Plaintiff's principal comparator, as "Hispanic Black," (Reply Memorandum, p. 10) even though Mr. Salgado, in his deposition, self-identified as Asian, from Sri Lanka (Exhibit 4 to Plaintiff's Opposition, excerpts from the deposition of Merennege Salgado, p. 10); and

b.   Submitting an unauthenticated exhibit purporting to be the Baltimore County Public Schools' calendar for the 2018-2019 school year. Exhibit 5 to Reply Memorandum, p. 5 (ECF 51-5). That document was never produced in discovery.

1

c. Erroneously contending that Plaintiff is incompetent to testify about her medical conditions even though Defendant never bothered to subpoena Plaintiff's medical records from her health care providers. Reply Memorandum, p. 5 (ECF 51, p. 5).

Plaintiff's Counsel, on June 20, 2023, apprised Defendant's Counsel of those immaterial and impertinent representations. Exhibit 1 to Plaintiff's Motion to Strike, e-mail from N. Johnson to L. Collins, N. Jacobs and D. Merkin, dated June 20, 2023. On June 29, 2023, Defendant's Counsel obtusely refused to correct the record by making changes to the Reply Memorandum. Exhibit 2 to Plaintiff's Motion to Strike, letter from L. Collins to N. Johnson, dated June 29, 2023. The above-described immaterial and impertinent information remains in the Reply Memorandum.

## II.    IMMATERIAL AND IMPERTINENT MATERIAL IN DEFENDANT'S REPLY MEMORANDUM

- In Defendant's Reply Memorandum (ECF 51-5), Defendant mischaracterizes Plaintiff's principal comparator, Merennege Salgado, labeling him as "Hispanic Black" (Defendant's Reply, p. 10). As Mr. Salgado testified in his deposition, he is an Asian from Sri Lanka (halfway around the world from the Western Hemisphere), and never described himself as "black." Salgado Deposition, p. 10.

- Exhibit 5 to Defendant's Reply Memorandum (ECF 51-5)[1] purports to be a calendar for the Baltimore County Public Schools' 2018-2019 school year. Exhibit 5 was not produced in discovery. Defendant made no effort in its Reply Memorandum to authenticate that document. It was not retrieved from the Baltimore County Public Schools' website. Rather, Exhibit 5 appears to have been obtained from one of several

---

[1] In Defendant's Reply Memorandum, Exhibit 5 (MVA-5) mistakenly is referenced as "Exhibit 4" (Defendant's Reply, p. 6). MVA-4 (ECF 51-4) is comprised of excerpts from the deposition of William Chafin.

"schoolcalendars" social media sites (Facebook, Twitter, Pinterest or Tumblr).[2] In his

June 20, 2023 e-mail to Defendant's Counsel, Plaintiff's Counsel objected to

Defendant's belated production of a document that was withheld from discovery.

Further, Defendant withheld Exhibit 5 from its opening memorandum in support of its

dispositive motion, disingenuously deploying it in the Reply Memorandum thwarting

Plaintiff's opportunity to address that document in her Opposition brief.

- In Defendant's Reply, Defendant, without providing any authority, contested Plaintiff's

  statements about her medical conditions (Defendant's Reply, p. 5).

### III.   ARGUMENT

While not specifically addressed in the Federal Rules of Civil Procedure,[3] courts may

exercise their discretion to strike materials from documents outside the pleadings. *Kelly v. FedEx*

*Ground Package Exp., Inc.*, 2011 WL 1584764, *3 (S. D. W.Va. April 26, 2011); *Kitson v. Bank*

*of Edwardsville*, 240 F.R.D. 610, 611 (S. D. Ill. 2006). "Inherent powers are governed not by rule

or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve

the orderly and expeditious disposition of cases." *U.S. v. Moussaoui*, 483 F.3d 220, 236 (4th Cir.

2007), *quoting Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Here, the Court exercises

---

[2] In Defendant's Counsel's June 29, 2023 response to Plaintiff's Counsel's June 20, 2023 e-mail (Exhibit 2 to Plaintiff's Motion to Strike, p. 2), Defendant's counsel contends that the school calendar was retrieved from that Baltimore County Public Schools' website (http://www.schoolcalendars.org/Maryland/baltimore-county-public-schools-918755/calendar-59353). That alleged source does not appear on Exhibit 5 to the Reply Memorandum (ECF 51-5).
[3] While there is no controlling Fourth Circuit authority, courts within this District have construed motions to strike brought under Fed. R. Civ. P. 12(f), to be limited to pleadings and inapplicable to motions to dismiss, summary judgment and supporting memoranda. *See Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F. Supp.3d 698, 707 (D. Md. 2020) (Bredar, C.J.); *Anusie-Howard v. Todd*, 920 F. Supp.2d 623, 627 (D. Md. 2015).

those inherent powers to strike the offending immaterial and impertinent materials contained in the Reply Memorandum.

> ### A.  Defendant Admittedly has Misrepresented Merennege Salgado's Race.

There is no dispute that Plaintiff's principal comparator, Merennege Salgado, is Asian, not Hispanic as asserted in the Reply Memorandum, p. 6. In Defendant's Counsel's June 29, 2023 response to Plaintiff's Counsel's June 20, 2023 e-mail, Defendant admitted that error, but refused to correct the Reply Memorandum. Exhibit 2 to Plaintiff's Motion to Strike, p. 1, noting that "we regret the notation of Hispanic, rather than Asian. . . ." Defendant further attempts to buttress its weak assertion that Salgado is not an apt comparator to Plaintiff by contending that both Salgado and Plaintiff are "black." Such a comparison for the purposes of the similarly situated analysis under Title VII is inapt since Plaintiff has alleged a race and gender claim under Title VII, not a claim based on color. Despite Defendant's frenzied efforts, the record is clear that Salgado, a male of a different race than Plaintiff, was treated far more favorably than Plaintiff, receiving only a five-day suspension after he repeatedly lied to MVA investigators.

> ### B.  The Court Should Strike Exhibit 5 to the Reply Memorandum Since it is Unauthenticated and Was Not Produced in Discovery.

Exhibit 5 to the Reply Memorandum is not authenticated and should be stricken. Despite Defendant's contention in it June 29th letter, the document that is filed as Exhibit 5 does not contain the electronic signature cited in that letter. Further, the Court should not countenance Defendant's specious argument that the Baltimore County Public Schools' schedule was not "discovered" by Defendant until well after discovery closed. Not only was that school schedule not produced during discovery, but its belated "discovery" and inclusion in the Reply Memorandum eviscerated Plaintiff's ability to address it in her opposition brief. The Court should strike Exhibit 5 since

Defendant's actions have frustrated the Court's ability to achieve the orderly and expeditious disposition of cases. *U.S. v. Moussaoui*, 483 F.3d at 236.

### C. The Court Should Strike Defendant's Unsupported Assertion That Plaintiff is Precluded From Testifying About Her Medical Conditions.

In its Reply Memorandum, p. 5, Defendant contends that Plaintiff, in the absence of supporting medical documentation, is incompetent to adduce evidence about her mental health issues. No authority is cited for that extraordinary contention. To the contrary, it is well-settled that a lay witness can offer opinion testimony where it is "rationally based on the witness's perception." Fed. R. Evid. 701(a); *see U.S. v. Smith*, 962 F.3d 755, 766 (4th Cir.), *cert. denied*, __ U.S. __, 141 S. Ct. 930 (2020); *U.S. v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010); *U.S. v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).

In her declaration supporting her Opposition, Plaintiff addressed her mental health conditions. Declaration of Mashelia Gibson, ¶¶16-17, 53, Exhibit 1 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF 48-1). Contrary to Defendant's contentions, she did not render a lay opinion. In ¶16, Plaintiff recounted her medical diagnoses and that she had been prescribed psychotropic medications. In ¶17, Plaintiff described the effects on her job performance resulting from the abusive treatment from State vendors, as well as her supervisors' unlawful actions. Further, in ¶53, Plaintiff described her mental state following the brutal interrogation by Rob Thomas, including her observation that she was left bereft and suicidal that evening. All of those observations were rationally based on her own perception, clearly admissible under Fed. R. Evid. 601, 602, 702(a); *U.S. v. Smith*, 962 F.3d at 766; *U.S. v. Johnson*, 617 F.3d at 292.

Defendant cites no authority supporting its argument that Plaintiff's testimony about her mental condition should be ignored because Plaintiff provided no medical proof beyond her report of her diagnoses and her observations about her mental condition. The Court should reject Defendant's unsupported contentions that such testimony based on Plaintiff's first-hand knowledge should be rejected. Defendant has known about Ms. Gibson's medical providers since July 27, 2021, when Plaintiff, in response to Interrogatory No. 3 to Defendant's First Set of Interrogatories, listed four (4) treatment providers. At that time, Plaintiff also executed the appropriate authorizations to enable Defendant to obtain those medical records from Plaintiff's medical providers. There is no evidence that Defendant ever contacted those providers. Nor did it ever issue subpoenas to obtain those medical records. During Plaintiff's deposition, Defendant questioned Plaintiff about her emotional distress, suicidal thoughts, anxiety and depression (Exhibit 3 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, excerpts from the deposition of Mashelia Gibson, pp. 14, 16, 136-37, 253, 296).

Plaintiff's evidence relied in her Opposition is perfectly consistent with her deposition testimony. Plaintiff is not responsible for Defendant's failure to subpoena Plaintiff's medical records. Contrary to Defendant's mischaracterization, there is nothing incompetent in Plaintiff's describing her medical conditions in "her own words," where that testimony is based on first-hand knowledge and is rationally based on her own perceptions. Fed. R. Evid. 602, 702(a). Certainly, Defendant has cited no authority supporting that astounding position. The Court should strike Defendant's impertinent and immaterial mischaracterizations of Plaintiff's testimony regarding her mental health conditions and their effects on her job performance. Defendant's impertinent and immaterial contentions concerning Plaintiff's supporting evidence regarding her mental

condition should be stricken. Fed. R. Evid. 601, 602, 702(a); *U.S. v. Smith*, 962 F.3d at 766; *U.S. v. Johnson*, 617 F.3d at 292.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting the relief requested in Plaintiff's Motion to Strike.

DATED:  JULY 3, 2023.

Respectfully submitted,

Nathaniel D. Johnson (MD Bar #14729)
Attorney for Plaintiff
The Employment Law Firm, LLC
3261 Old Washington Road, Suite 2020
Waldorf, Maryland 20602
301-645-9103 (phone)/888-492-9434 (fax)
ndjesquire@gmail.com