UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MASHELIA GIBSON,<br><br>      *Plaintiff*,<br>v.<br><br>MARYLAND MOTOR VEHICLE ADMINISTRATION,<br><br>      *Defendant*. | Civil Action No. 20-3220-PX |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE MOTOR VEHICLE ADMINISTRATION'S REPLY BRIEF TO OPPOSITION TO MOTION TO STRIKE THE DECLARATION OF TAMMIE BOOZE FILED IN PLAINTIFF'S [SIC] MOTION FOR SUMMARY JUDGMENT

Plaintiff, Mashelia Gibson, by and through her undersigned attorney and, pursuant to Fed. R. Civ. P. 7, 12(f) and 56 and Local Civil Rule 105, files her Memorandum in Support of Plaintiff's Motion to Strike Motor Vehicle Administration's Reply to Opposition to Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment.

### I.  INTRODUCTION

On June 4, 2023, Plaintiff filed Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") (ECF 48). Subsequently, on June 15, 2023, Defendant filed Motor Vehicle Administration's Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment (ECF 50) ("Defendant's Motion to Strike"). In Defendant's Motion to Strike, Defendant objected to the authenticity of Exhibit 19 to Plaintiff's Opposition (ECF 48-28), the Declaration of Tammie Booze ("Booze Declaration"). Defendant objected to the Booze Declaration because it had not been executed by Ms. Booze.

1

On June 28, 2023, Plaintiff filed her Notice of Withdrawal of Exhibit concerning Exhibit 19 to her Opposition (ECF 52), conceding that the version of the Booze Declaration that had been filed could not be authenticated as of the date that Plaintiff filed Plaintiff's Opposition.

Plaintiff, on June 29, 2023, filed Plaintiff's Opposition to Motor Vehicle Administration's Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment (ECF 53) ("MTS Opposition"). In her MTS Opposition, Plaintiff described in detail the circumstances surrounding her futile efforts to obtain Ms. Booze's timely execution of her declaration, including the necessity of obtaining her counsel's (counsel for AFSCME Local 3655) collaboration in securing Ms. Booze's signature.

On July 7, 2023, Plaintiff filed an executed version of the Booze Declaration, Line – Executed Exhibit 19 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF 55-1 and 55-2).

Pursuant to Local Civil Rule 105.2.a., Defendant's reply memorandum was required to be filed by July 13, 2023, fourteen (14) days from service of Plaintiff's MTS Opposition. On July 14, 2023, one day after the expiration of the mandated 14-day period for filing a reply memorandum, Defendant filed Motor Vehicle Administration's Reply to Opposition to Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment (ECF 56) ("MTS Reply").

Because Defendant flouted the clear requirements of Local Civil Rule 105.2.a., the Court should strike and not consider Defendant's untimely MTS Reply. In determining Defendant's motion for summary judgment, the Court should consider the replacement Exhibit 19 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF 55-2), the Declaration of Tammie Booze, rather than the withdrawn, unexecuted Exhibit 19 (ECF 48-28). Plaintiff's failure to file a

timely, fully-executed declaration from Ms. Booze was supported by good cause or resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). This Motion is supported by good cause and its granting is in the interests of the fair and efficient administration of justice.

## II. ARGUMENT

### A. The Court Should Not Consider Defendant's MTS Reply Since it Was Filed Contrary to Fed. R. Civ. P. 6(b)(1) (A) and (B) and Local Civil Rule 105.2.a.

Pursuant to Local Civil Rule 105.2.a., Defendant's Response to Plaintiff's MTS Opposition was due on July 13, 2023. Prior to filing its MTS Reply, Defendant made no request for an enlargement for the time to file the MTS Reply. Fed. R. Civ. P. 6(b)(1)(A). Nor, after the expiration of the time for filing a request for enlargement (14 days), did Defendant seek such enlargement prior to filing its MTS Reply, as required by Fed. R. Civ. P. 6(b)(1)(B). It has offered no justification, let alone any excusable neglect for its tardy filing. Untimely briefs should be stricken. *Starr v. USL Pharmaceuticals, Inc.*, 2023 WL 37640004, *1, 11 (D. Md. June 1, 2023); *Gaske v. Crabcake Factory Seafood House, Inc.*, 2021 WL 3188007, *6 (D. Md. July 28, 2021); *Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*, 2013 WL 2299735, *9 (D. Md. May 24, 2013); *Curtis v. Evans*, 2004 WL 11775227, *1 (D. Md. May 27, 2004). The Court should strike Defendant's MTS Reply.

### B. The Court Should Not Consider Defendant's Arguments Concerning the Booze Declaration Raised in the Untimely MTS Reply.

Should the Court, nevertheless, determine to consider the untimely MTS Reply, it should not consider Defendant's arguments regarding the alleged untimeliness of the Booze Declaration (ECF 55-2). In Defendant's Motion to Strike (ECF 50), Defendant failed to challenge the timeliness of the unexecuted Booze Declaration.[1] It is well-settled that a court should not consider matters raised

---

[1] As described fully in §II.D., *infra*, and in her MTS Opposition (ECF 53), Plaintiff, in Plaintiff's Opposition (ECF 48), timely filed the original, unexecuted Booze Declaration (Exhibit 19 (ECF 48-28)).

3

for the first time in a reply brief or memorandum. *See SEC v. Private Investor, LLC*, 580 F.3d 233, 255 n.23 (4th Cir. 2009); *Bost v. Wexford Hlth. Svcs., Inc.*, 2022 WL 4290528, *37 (D. Md. Sept. 16, 2022); *Jones v. Jordan*, 2020 WL 3624549, *3 (D. Md. July 1, 2020); *Bumgardner v. Taylor*, 2019 WL 4115414, *4 (D. Md. Aug. 19, 2019); *U.S. v. Freeman*, 2016 WL 6582645, *4 (D. Md. Nov. 7, 2016); *Louers v. Lacy*, 2011 WL 6152949, *1 n.1 (D. Md. Dec. 8, 2011); *Train House, Inc. v. Broadway Ltd. Imports, Inc.*, 708 F. Supp.2d 527, 535 (D. Md. 2010); *Clawson v. FedEx Grnd. Package Sys., Inc.*, 451 F. Supp.2d 731, 734 (D. Md. 2006). The Court should disregard Defendant's tardy argument regarding the timeliness of the filing of the Booze Declaration, Exhibit 19 to Plaintiff's Opposition (ECF 55-2).

**C. The Booze Declaration Was Not Untimely Filed, as it Was Filed, Unexecuted, as Exhibit 19 to Plaintiff's Opposition (ECF 48-28) and Was Re-Filed Immediately Upon Receipt of the Fully-Executed Booze Declaration (ECF and 55-1 and 55-2).**

The Court should reject Defendant's contention in the MTS Reply that the Booze Declaration (ECF 55-2) should not be considered because it is untimely. That argument ignores the fact that the Booze Declaration, although unexecuted, timely was filed as Exhibit 19 (ECF 48-28) to Plaintiff's opposition to Defendant's motion for summary judgment.

Plaintiff did not flout or ignore her obligation to submit the Booze Declaration with her opposition to Defendant's dispositive motion. Further, Plaintiff acted with alacrity in filing the executed Booze Declaration (ECF 55-2). The Court should find that Plaintiff complied with her Fed. R. Civ. P. 56 obligation by timely filing the unexecuted Booze Declaration.

**D. Any Delay in Filing the Fully-Executed Booze Declaration (ECF 55-2) Should be Excused Since Such Delay Was Supported by Good Cause or Was Based on Excusable Neglect.**

Should the Court determine that the fully-executed Booze Declaration was untimely filed, it, nevertheless, should consider it in determining Defendant's motion for summary judgment since

4

the delay in filing that declaration was based on good cause or excusable neglect. *Lujan v. Nat'l. Wildlife Federation*, 497 U.S. 871, 895-96 (1990); *B&J Enterprises, Ltd. v. Giordano*, 329 Fed. App'x. 411, 415 (4th Cir. 2009); *Lovelace v. Lee*, 472 F.3d 174, 203-04 (4th Cir. 2006); *Orsi v. Kirkwood*, 999 F. 2d 86, 91-92 (4th Cir. 1993).

While excusable neglect is not easily demonstrated, it should be applied in extraordinary cases where injustice otherwise would result. *Symbionics, Inc. v. Ortlieb*, 422 Fed. App'x. 216, 220 (4th Cir. 2011). In making an excusable neglect determination, the Court should consider (1) the danger of prejudice; (2) the length of the delay and potential impact; (3) whether the delay was within the reasonable control of the movant; (4) and whether the movant acted in good faith ("*Pioneer* factors"). *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993); *Thompson v. E. I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996).

Throughout this litigation, Plaintiff's counsel had several communications and telephonic meetings with Ms. Booze. Because she is an official of Local 3655 of the American Federation of State, County and Municipal Employees ("Local 3655"), those meetings and communications were coordinated through Local 3655's outside counsel, David Maher, Esq., from the Kahn, Smith and Collins law firm. Mr. Maher was present during, and actively participated in, those meetings. During those meetings, Mr. Maher suggested that, as an alternative to deposing Ms. Booze, she would sign a declaration supporting Plaintiff's opposition to Defendant's dispositive motion. Mr. Maher, Ms. Booze and Plaintiff's counsel agreed to that strategy.

Based on those conversations, in mid-May 2023, Plaintiff's counsel prepared a draft declaration for Mr. Maher's and Ms. Booze's review. Upon that review, Mr. Maher and Ms. Booze recommended several language changes. Well in advance of the June 2, 2023 deadline for filing

Plaintiff's opposition to Defendant's motion for summary judgment, Plaintiff's counsel made those changes and forwarded them to Ms. Booze and Mr. Maher for their review.

On the eve of the filing deadline, Plaintiff's counsel learned that Ms. Booze had a death in her family and was out on bereavement leave. Plaintiff's counsel also was subsequently informed that Mr. Maher was on a two-week vacation out-of-country. Since neither Ms. Booze nor Mr. Maher had noted any additional changes in the draft Booze declaration that Plaintiff's counsel had sent, Plaintiff's counsel concluded that he could file that unsigned declaration containing Booze's and Maher's suggested changes, to be supplemented with the declaration executed by Ms. Booze upon her return from bereavement leave. There was no subterfuge or effort to mislead the Court.

Between the June 2, 2023 filing of Plaintiff's opposition to Defendant's motion for summary judgment, until June 28, 2023, Plaintiff's counsel assiduously sought to obtain Ms. Booze's signature on her declaration. On June 28, 2023, Mr. Maher, for the first time, told Plaintiff's counsel that the unexecuted version of the Booze Declaration (containing Maher's and Booze's previous language changes) that was filed as Exhibit 19 (ECF 48-28) should be withdrawan. Plaintiff's counsel immediately withdrew that document. ECF 52.

Application of the *Pioneer* factors should impel the Court to consider the fully-executed Booze Declaration (ECF 55-2). First, there will be no prejudice to Defendant in considering the fully-executed Booze Declaration. It is essentially the same as the unexecuted version of the Booze Declaration. More significantly, Ms. Booze is employed by the MVA and, at all relevant times, could have been subpoenaed by Defendant. Second, any delay in providing the fully-executed Booze Declaration was minimal. It was filed on July 7, 2023 (ECF 55-2) thirty-three days after the unexecuted Booze Declaration was filed and twenty-two days after Defendant, in Defendant's Motion to Strike (ECF 50, filed June 15, 2023), challenged its authenticity. The fully-executed

Booze Declaration was filed on July 7, 2023, nine days after the unexecuted Booze Declaration was withdrawn (ECF 52 and 55-2).

Most significantly, as demonstrated above, the delay in obtaining a fully-executed Booze Declaration was caused by factors outside Plaintiff's reasonable control. Ms. Booze was an agent of AFSCME Local 3655, and was represented by counsel. Given that representation, Plaintiff's counsel ethically was unable to meet with Ms. Booze directly and had to collaborate the execution of Ms. Booze's declaration through counsel. Such need to collaborate with Ms. Booze's attorney, combined with Ms. Booze's extended absence for a death in her family, thwarted Plaintiff's ability to file Ms. Booze's executed declaration contemporaneously with filing Plaintiff's MTS Opposition. Such factors were well outside Plaintiff's reasonable control.

Finally, as has been demonstrated, there is no evidence that Plaintiff acted in bad faith in submitting the fully-executed Booze Declaration. It demonstrates the opposite. After the first Booze Declaration was challenged in Defendant's Motion to Strike, Plaintiff acted with alacrity to file the fully-executed Booze Declaration, accomplishing that goal within a short 3-week period. In Plaintiff's MTS Opposition, she fully disclosed to the Court and opposing counsel, her efforts to secure a fully-executed declaration from Ms. Booze.

The Court, consequently, should find that the failure to file the fully-executed Booze Declaration with Plaintiff's opposition to Defendant's motion for summary judgment (ECF 48) was for good cause and excusable neglect. *Lujan v. Nat'l. Wildlife Federation*, 497 U.S. at 895-96; *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. at 395; *B&J Enterprises, Ltd. v. Giordano*, 329 Fed. App'x. at 415 (4th Cir. 2009); *Lovelace v. Lee*, 472 F.3d at 203-04; *Orsi v. Kirkwood*, 999 F. 2d at 91-92. It should exercise its discretion and consider the fully-executed Booze Declaration (ECF 55-2) in determining Defendant's motion for summary judgment.

### III.  CONCLUSION

For all foregoing reasons, the Court should grant the relief requested in Plaintiff's Motion to Strike Motor Vehicle Administration's Reply Brief to Opposition to Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment and should strike Defendant's MTS Reply Brief.

DATED:  JULY 17, 2023.

Respectfully submitted,

_____
Nathaniel D. Johnson (MD Bar #14729)
Attorney for Plaintiff
The Employment Law Firm, LLC
3261 Old Washington Road, Suite 2020
Waldorf, Maryland 20602
301-645-9103 (phone)/888-492-9434 (fax)
ndjesquire@gmail.com

### CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Memorandum in Support of Plaintiff's Motion to Strike Motor Vehicle Administration's Reply Brief to Opposition to Motion to Strike the Declaration of Tammie Booze Filed in Plaintiff's [sic] Motion for Summary Judgment was served this 17th day of July 2023 upon the counsel of record named below through the Court's ECF/CM document filing system:

David C. Merkin, Esq.
Neil I. Jacobs, Esq.
Leight D. Collins, Esq.
Motor Vehicle Administration
6601 Ritchie Highway, N.E., Room 200
Glen Burnie, Maryland 21062

_____
Nathaniel D. Johnson

8