IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MASHELIA GIBSON,<br>    *Plaintiff*,<br><br>v.<br><br>MARYLAND MOTOR VEHICLE ADMINISTRATION,<br>    *Defendant* | Case No. 20-cv-3220-ABA |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mashelia Gibson sued Defendant the Maryland Motor Vehicle Administration ("MVA") for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code, State Gov't §§ 20-606(a), 20-606(f), alleging that she experienced race and sex-based discrimination and a hostile work environment and retaliation while working for the MVA.[1] Judge Hurson denied the MVA's motion for summary judgment on January 4, 2024. Before trial, the case was reassigned to the undersigned. The MVA has now filed a supplemental motion for summary judgment based on the allegedly recent discovery that Plaintiff did not exhaust all of her claims. The Court will grant the motion in part and deny it in part.

---

[1] "Because [MFEPA] is the state law analogue of Title VII, interpretation of [plaintiff's] claim under [MFEPA] is guided by federal cases interpreting Title VII." *Brown v. Bratton*, No. 21-1998, 2022 WL 17336572, at *5 (4th Cir. Nov. 30, 2022) (quoting *Arsham v. Mayor of Baltimore*, 85 F. Supp. 3d 841, 849 (D. Md. 2015)); *Haas v. Lockheed Martin Corp.*, 396 Md. 469, 481 (2007) (providing that Maryland courts "traditionally seek guidance from federal cases in interpreting [MFEPA]"). Thus, unless there is a reason to distinguish the state and federal law, the analysis throughout this memorandum will be the same regarding Title VII and MFEPA.

I.      **Factual and Procedural Background**

Judge Hurson previously recounted the facts of this case when he denied the parties' motions to strike and the MVA's motion for summary judgment. *Gibson v. Maryland Motor Vehicle Admin.*, Civil No. 20-cv-3220-BAH, 2024 WL 51132, at *1–*5 (D. Md. Jan. 4, 2024); ECF No. 61. Thus, the Court will only provide the facts necessary for the resolution of the present motion.

Plaintiff is an African American woman who was employed by the MVA as a Vehicle Compliance Agent, conducting safety inspections on school busses. *Id.* at *1. Plaintiff claims to have experienced pervasive race and sex-based discrimination, a hostile work environment, and retaliation. *Id.* Plaintiff asserted in her complaint in this Court that she had filed two charges of discrimination with the Maryland Commission on Civil Rights ("MCCR") and Equal Employment Opportunity Commission ("EEOC") on December 6, 2018 ("Charge One") and July 29, 2019 ("Charge Two"). ECF No. 1 ¶ 3. The parties also previously stipulated to these filing dates. ECF No. 94-4 ¶¶ 6 & 7. The parties, as well as Judge Hurson, relied on those dates. But it turns out there never was a "Charge One."

Plaintiff contended that Charge One involved allegations of race and sex-based discrimination and a hostile work environment, including that in November 2018, "Plaintiff was informed that her privilege of using a state vehicle was suspended for three weeks, which she later discovered was the result of her incurring speeding tickets and one incident where a prominent state official had reported that he saw Plaintiff's state vehicle being driven recklessly." *Gibson*, 2024 WL 51132, at *2; *see also* ECF No. 1 ¶¶ 10-28.

Charge Two involved allegations of discrimination and a hostile work environment and that Plaintiff's supervisor, Michael Groff, retaliated against her for complaining about discrimination, including by allegedly framing her in June 2019 for falsifying bus inspection and milage logs. *Gibson*, 2024 WL 51132 at *3; *see also* ECF No. 1 ¶¶ 29–49. Plaintiff alleges that she was fired based on these allegedly false allegations on August 14, 2019. *Gibson*, 2024 WL 51132 at *5.

Plaintiff filed her complaint in this Court on October 5, 2020, alleging six counts based on Charges One and Two: count 1 for discrimination under Title VII, count 2 for retaliation under Title VII, count 3 for hostile workplace under Title VII, count 4 for discrimination under MFEPA, count 5 for retaliation under MFEPA, and count 6 for hostile workplace under MFEPA. ECF No. 1 ¶¶ 60–111.

The MVA moved for summary judgment, which Judge Hurson denied in his January 2024 opinion. ECF Nos. 41 & 61. In that opinion, among other things, Judge Hurson concluded that because Plaintiff had not rebutted the MVA's legitimate reason for why her driving privileges were revoked in November 2018, Charge One "alone would not prevail on the merits." *Gibson*, 2024 WL 51132 at *9–*10. But Judge Hurson "view[ed] the events complained of prior to and during the 2018 complaint process as relevant background information, because Plaintiff's 2018 complaint is a necessary part of the narrative in Plaintiff's 2019 retaliation complaint." *Id.* at *10 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Judge Hurson also noted that Genice Fowler, "the lead EEO investigator for the Office of Civil Rights and Fair Practices who was assigned to [Plaintiff's] case," and who provided an affidavit in support of the MVA's motion for summary judgment, "said that Plaintiff filed only an inquiry [regarding Charge One], and received a preliminary case number, but that she

3

never formally submitted a case." *Id.* at *2 n.4 (citing ECF No. 41-10 at 7). Judge Hurson concluded, however, that the dispute over whether Plaintiff had actually filed Charge One was "immaterial to the Court's analysis." *Id.* Judge Hurson then held that the MVA was not entitled to summary judgment on Plaintiff's race and sex discrimination, hostile work environment, and retaliation claims under Title VII and MFEPA, denying the MVA's motion for summary judgment on Counts 1 through 6 of the complaint. *Id.* at *12–*25.

The case was then ready for trial and had several trial dates scheduled, which were moved for various reasons. *See, e.g.* ECF Nos. 75, 85, 89. The MVA filed the present supplemental motion for summary judgment on February 7, 2025, ECF No. 93, contending that, allegedly for the first time, it had discovered that Plaintiff never actually filed Charge One and had alleged an incorrect filing date for Charge Two. *See* ECF No. 93-2 & 93-3 (showing that the EEOC had no record of Charge One being filed); ECF No. 93-4 (showing that Charge Two was filed on November 21, 2019). Plaintiff responded and the MVA replied. ECF Nos. 94 & 97. The MVA seeks summary judgment on counts 1, 3, 4, and 6 (the federal and state discrimination and hostile work environment claims) and argues that counts 2 and 5 (federal and state retaliation claims) should be limited to include only those alleged retaliatory acts that occurred within 300 days of the actual filing date of Charge Two (which would be 300 days before November 21, 2019, or January 25, 2019).

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56, a party may move for summary judgment on a "claim or defense—or the part of [any] claim or defense"—by showing that "there is no genuine dispute as to any material fact" and that the moving party is

4

"entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence "might affect the outcome of the suit," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[C]ourts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If a moving party carries this burden, then the Court will award summary judgment unless the non-moving party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [opposing party's] position," however, is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

### III.   Discussion

#### A.   The Court will Allow the Supplemental Motion for Summary Judgment

Whether to grant leave to file a successive motion for summary judgment is committed to the discretion of the district court. *White v. Date Trucking, LLC*, Case No. 17-cv-1177-ELH, 2018 WL 11469493, at *1 (D. Md. July 20, 2018) (citing *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)). The Court will exercise its discretion and consider the motion, even though it appears that the MVA could have brought this claim earlier, as it should have known that there was a dispute regarding whether

Plaintiff had filed Charge One. *See* ECF No. 41-10 ¶ 26 (the MVA's affidavit from Ms. Fowler used in support of its initial motion for summary judgment, stating that the case number for Charge One "was generated when Ms. Gibson made an inquiry with the EEOC, but never formalized a complaint"); *see White*, 2018 WL 11469493, at *1 ("[S]uccessive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion.") (quoting *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012)). Under these particular circumstances, however, it is appropriate to consider the motion because the MVA and Judge Hurson relied on Plaintiff's allegations regarding the filing dates of Charges One and Two, which were untrue and were never corrected by Plaintiff.

Plaintiff argues that the allegation regarding the filing of Charge One is not false because the Court should construe Charge One as having been filed when she submitted an initial inquiry with the Baltimore Field Office of the EEOC. But an initial inquiry is not a substitute for a charge. *Gulley v. District of Columbia*, 474 F. Supp. 3d 154, 165 (D.D.C. 2020) (holding that the plaintiffs' initial inquiry "did not satisfy Title VII's exhaustion requirement," which requires the plaintiff to file an administrative charge); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013) (explaining that an "intake questionnaire," which occurs after an initial inquiry, and "letters" that the plaintiff had "submitted to the EEOC," "cannot be read as part of her formal discrimination charge without contravening the purposes of Title VII").

Likewise, the Court will set aside the parties' joint stipulations that Plaintiff filed Charge One on December 6, 2018 and Charge Two on July 29, 2019, *see* ECF No. 94-4 ¶¶ 6 & 7, as there is a real possibility manifest injustice will result without correction to these dates given Plaintiff's demonstrably false allegations and the parties' and Judge

6

Hurson's prior reliance thereon. *United States v. Robertson*, 68 F.4th 855, 861 (4th Cir. 2023) ("[W]e have recognized only two exceptions that require setting aside a stipulation: (1) 'when it becomes apparent that [the stipulation] may inflict a manifest injustice upon one of the contracting parties,' and (2) 'when a stipulation is entered into under a mistake of law.'") (quoting M*arshall v. Emersons Ltd.*, 593 F.2d 565, 569 (4th Cir. 1979)). Thus, the two stipulations in the parties' joint status report identifying the alleged dates Charges One and Two were filed do not bind the MVA.

> B.     **Charge One Was Not Exhausted**

As stated, Plaintiff did not file Charge One with either the EEOC or MCCR. "Before a plaintiff may file suit under Title VII" the plaintiff is "required to file a charge of discrimination with the EEOC." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). But an objection based on exhaustion "may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Davis*, 587 U.S. at 549 (quoting, *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Although there is some evidence that the MVA could have known earlier that Charge One was not filed, given the misrepresentations by Plaintiff (whether intentional or not) that the MVA and Judge Hurson relied on, the Court concludes that the MVA did not waive this exhaustion argument. Having failed to file Charge One, Plaintiff did not exhaust that charge through the MCCR or EEOC.

But the fact that Charge One did not constitute a "charge of discrimination" as required for exhaustion does not necessarily entitle MVA to summary judgment, because Plaintiff undisputedly did file Charge Two. The MVA argues, however, that even

7

if Charge Two was filed and satisfied the exhaustion requirement with respect to the allegations contained in it, any actions that occurred more than 300 days before Charge Two's filing date (which would be January 25, 2019) cannot be considered, which it asserts includes all of Plaintiff's allegations of discrimination and hostile work environment. *See E.E.O.C. v. R&R Ventures*, 244 F.3d 334, 338 n.* (4th Cir. 2001) ("In a deferral state such as Maryland, a charge is timely if it is filed with the Commission within 300 days of the last alleged act of discrimination."). Thus, the MVA seeks to dismiss counts 1, 3, 4, and 6 on the ground that the claims as to which Plaintiff wishes to seek relief at trial were not properly exhausted.

In Charge Two, which as noted was properly filed, Plaintiff asserted that she began her employment on January 4, 2017 and that "[t]hroughout [her] employment, [she had] been subjected to race and sex-based harassment while inspecting school buses throughout Maryland" and had been "subjected to harassment by Mr. Groff and [her] male colleagues throughout [her] employment in the form of offensive race and sex-based jokes." ECF No. 94-5. She continued that "[i]n December 2018, [Plaintiff] filed an internal complaint of race and sex discrimination with respondent[']s EEO office, and in January 2019, [she] complained to EEO about the ongoing race and sex-based harassment." *Id*. Plaintiff then asserted that "[n]o corrective actions were taken, and the harassment continued," including that in "January 2019, . . . respondent initiated an internal affairs investigation that resulted in [her] discharge on or about August 14, 2019." *Id*. Plaintiff continued that although she "was told [she] was discharged for allegedly falsifying two school bus inspection logs," Plaintiff contended "that non-black, male school bus inspectors . . . have been guilty of and/or accused of falsifying similar documents but were not discharged." *Id*. Plaintiff concluded in Charge

8

Two that she believes she has "been discriminated against because of [her] race (black) and sex (female) with respect to harassment and discharge, and retaliated against for engaging in protected activity with respect to discharge." *Id*.

      Charge Two clearly encompasses counts 1 through 6 of the amended complaint—it alleges discrimination, harassment, and retaliation that occurred throughout Plaintiff's employment (including within 300 days of her filing Charge Two). *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) ("The EEOC charge defines the scope of the plaintiff's right to institute a civil suit" and "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination") (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable investigation, the plaintiff may advance such claims in her subsequent civil suit."). Thus, the Court will not grant the MVA summary judgment on counts 1, 3, 4, and 6 on the basis that they are unexhausted and unsupported by Charge Two (the MVA did not move for judgment on this ground on counts 2 and 5).

      Finally, there remains the question of how events falling outside of the applicable filing deadline (i.e. before January 25, 2019, 300 days from the filing of Charge Two) may be utilized by Plaintiff at trial in support of her claims arising from Charge Two. For example, the MVA argues "that all other allegations of retaliation for events on or before January, 2019, included in Counts II and V [should] be dismissed and excluded from trial." ECF No. 93-1 at 14. It is true that in connection with Plaintiff's discrimination and

9

retaliation claims, "[a]ny discrete acts of discrimination that occurred prior to the applicable period are procedurally barred and cannot be used as a basis for recovery," *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 139 (4th Cir. 2007), "even when they are related to acts alleged in timely filed charges," *Morgan*, 536 U.S. at 113. But a plaintiff may "us[e] the [untimely] prior acts as background evidence in support of a timely claim." *Id*. As Judge Hurson held, the allegations predating January 25, 2019 are "a necessary part of the narrative in" Charge Two. *Gibson*, 2024 WL 51132, at *10.

     Hostile work environment claims are different, however, because they are "composed of a series of separate acts that collectively constitute one 'unlawful employment practice,' and such claims are subject to a 'continuing violation' theory." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (quoting *Morgan*, 536 U.S. at 117) (cleaned up). Thus, "in determining whether an actionable hostile work environment claim exists, courts look to 'all the circumstances,' and provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id*. (quoting *Morgan*, 536 U.S. at 116–17) (cleaned up). Here, Plaintiff has at least shown a genuine dispute of material fact regarding whether actions after January 25, 2019 were sufficiently severe to give rise to a hostile work environment claim, including that she was targeted for investigation over allegedly fraudulent charges that she had falsified records, which included being stalked by an MVA investigator, and which led to her termination. *See, e.g.*, ECF No. 48-11 (emails between Mr. Groff and Ms. Fowler); *see also* ECF No. 1 ¶¶ 42–44. Given that Plaintiff has raised such fact

issues, she may be able to rely on her pre-January 25, 2019 evidence of hostile actions to support a timely hostile work environment claim.[2]

With this guidance, prior to trial the parties may file motions *in limine* regarding what discrete discriminatory and retaliatory acts are timely under the MCCR and EEOC in relation to Charge Two, what acts are part of an alleged hostile work environment and therefore are timely because they constitute one continuing action, and what discrete acts are untimely and whether those untimely acts may be used for another purpose.

## IV.   CONCLUSION and ORDER

For these reasons, it is ORDERED that the MVA's supplemental motion for summary judgment (ECF No. 93) is GRANTED to the extent that the Court recognizes that Plaintiff's first charge of discrimination was never filed. The parties may file motions *in limine* arguing how that will affect the use of evidence at trial. The motion is DENIED in that the Court will not grant summary judgment to the MVA on counts 1 through 6 of the complaint.

Date:  September 10, 2025

/s/
_____
Adam B. Abelson
United States District Judge

---

[2] For causes of action for harassment under MFEPA arising on or after October 1, 2019, the statute of limitations was extended from six months to two years. Md. Code, State Gov't § 20-1004(c)(3); 2019 Maryland Laws Ch. 222 (H.B. 679). Plaintiff filed Charge Two on November 21, 2019. Given the continuing violation theory, the Court does not believe it is necessary to decide whether Plaintiff's cause of action in Charge Two "arose" before or after October 1, 2019. To the extent one or more of the parties believes otherwise, that issue may be raised in a motion *in limine*.