IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MASHELIA GIBSON,

    *Plaintiff*,

v.

MARYLAND MOTOR VEHICLE ADMINISTRATION,

    *Defendant*

Case No. 20-cv-3220-ABA

**MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE**

The parties have filed twenty-five motions in limine in advance of the trial scheduled to begin April 6, 2026. A pretrial conference is scheduled for March 4, 2026. The Court has reviewed the motions in limine and responses, and has concluded that as to some of the motions, no hearing is necessary. The Court hereby rules on Plaintiff's motions A–D, I, J and L,[1] and Defendant's motions 1, 4, 5, 7, 8 and 11.[2] The Court will address the remaining motions in limine (Plaintiff's motions E–H and K, and Defendant's motions 2, 3, 6, 9 and 10) at the pretrial conference. The Court also grants Plaintiff's motion for leave to amend the joint pre-trial order to file objections to exhibit 90 (ECF No. 140) and to file the associated second motion in limine to exclude the report of Donna Eisenberg (ECF No. 142), but will reserve decision on the motion to exclude the report (ECF No. 143) to hear from Defendant before or at the pretrial conference.

---

[1] These letters refer to the section of Plaintiff's omnibus memorandum in support of her motions in limine. ECF No. 113.
[2] The motion filed at ECF No. 123 is Defendant's eighth motion, and based on the ECF filing it appears Defendant intended for that motion to be #8. The Court will refer to ECF No. 123 as Defendant's motion in limine #8.

1

**Plaintiff's Motions in Limine**[3]

**Motion A (sick leave/driving suspension)**. Plaintiff has moved to exclude (a) evidence of a sick leave restriction imposed in June 2019 and (b) evidence regarding the suspension of Plaintiff's driving privileges in 2018–2019. ECF No. 113 at 11–12. Defendant has conceded the first point (so long as Plaintiff does not "introduce evidence regarding the sick leave certificate") but contends the evidence in the second category is relevant to rebut Plaintiff's claims of discrimination. ECF No. 146 at 2–5. The Court agrees with Defendant. Evidence of that suspension, regardless of whether it constituted "discipline," is relevant to the claims and defenses to be tried. Accordingly, Plaintiff's motion A will be denied.

**Motion B (lack of written complaints)**. Plaintiff argues that she should be permitted to offer evidence of her "verbal complaints, beginning in mid-2017[,] of racial and gender harassment," but argues that Defendant should be barred from "arguing that such claims lacked credence because they were not reduced in writing." ECF No. 113 at 12. Defendant separately has moved to exclude all evidence related to those alleged verbal complaints (Defendant's motions in limine 2 and 3, ECF Nos. 117 & 118). The Court will reserve judgment on Defendant's motions in limine 2 and 3, discussed below. But regardless, if Plaintiff offers evidence of prior complaints, Defendant is free to rebut or impeach that evidence based on the absence of written complaints. Accordingly, Plaintiff's motion B will be denied.

**Motion C (Salgado as comparator)**. Plaintiff argues that she should be permitted to offer evidence about how she was treated as compared with Merennege

---

[3] The briefing on Plaintiff's motions in limine appear in the docket at ECF Nos. 113 & 146.

2

Salgado, but that Defendant should be barred from pointing out distinctions between Ms. Gibson's situation and Mr. Salgado's situation that may bear on whether Defendant discriminated against Ms. Gibson. ECF No. 113 at 14. Plaintiff misunderstands this aspect of what the jury will be permitted to consider. The Court will permit Plaintiff to offer limited evidence about Mr. Salgado if she wishes to do so (as it will be granting in part and denying in part Defendant's motion #6, *see infra*). But if she offers such evidence, Defendant is free to identify ways in which Mr. Salgado's situation differed and thus why Defendant's handling of the Salgado situation does not support Plaintiff's claim of discrimination. Accordingly, Plaintiff's motion C will be denied.

**Motion D (allegedly "cumulative" evidence)**. Plaintiff has moved to exclude three categories of evidence that she contends would be unduly cumulative. The first argument is that although Ian Hatcher should be permitted to testify about school bus inspection entries dated June 26, 2019, any testimony from Nancy Schmid and Negash Assefa would be cumulative and unnecessary. ECF No. 113 at 15. The second is that, with respect to the events in December 2018 that led to the 3-week suspension, only Richard Normal, who coordinated the investigation of the incident, should be permitted to testify, and that any other testimony would be cumulative and unnecessary. *Id.* at 16–17. The third is that MVA investigator John Poliks need not testify because (a) his activities are described in John Robert Thomas's investigative report, which Plaintiff concedes "will be received into evidence," and (b) any testimony from Mr. Poliks will be cumulative of testimony from Mr. Thomas. *Id.* at 17. Defendant responds that its witnesses on the first point will not "repeat each other's testimony" but rather will "build a complete evidentiary picture"; that testimony from "witnesses (such as Deputy Secretary Tablada or those who received his report) to establish that the complaint

3

originated externally from a high-ranking state official who had no knowledge of Plaintiff's protected activity"; and Plaintiff otherwise "attempts to select *which* of Defendant's witnesses should be permitted to testify on specific topics." ECF No. 146 at 9–11.

The Court concludes that Plaintiff's motion is premature; she has not shown a basis for excluding testimony from the identified witnesses in their entirety. Accordingly, the motion will be denied. That said, the Court reiterates that both parties must carefully plan their trial strategy to avoid unnecessary and cumulative testimony. Some factual overlap is inevitable, but if the Court concludes that a subject has been covered by one witness and another witness seems to be re-treading the same ground, the Court may limit such subsequent witness from covering matters that the jury has already heard. Accordingly, Plaintiff's motion D will be denied.

**Motions E–H (agency findings)**. Plaintiff has moved to exclude the EEOC's findings on Ms. Gibson's charge of discrimination (Def. Ex. 59) and "documents reflecting findings by the Department of Transportation's OCRPF [Office of Civil Rights and Fair Practices]," along with findings by the MVA's EEO Office and the State of Maryland's Office of Statewide EEO Coordinator. ECF No. 113 at 18–20. Plaintiff cites *Bell v. Univ. of Md. Coll. Pk. Campus Facilities Mngmt.*, Case No. 17-cv-1655-PX, 2020 WL 978659 (D. Md. Feb. 28, 2020)).

Defendant responds that those documents, which state for example that the EEOC was "unable to conclude that the statutes were violated" and that Ms. Gibson's appeal to OCRPF "was unsuccessful," ECF No. 146 at 12 & 13, are admissible because (1) Plaintiff seeks to admit her charges of discrimination, and if those charges are admitted then the dispositions of those charges must be admitted as a completeness matter (FRE

4

106) and/or to avoid confusion; (2) "excluding an EEOC probable cause determination can constitute reversible error," ECF No. 146 at 12 (citing *Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir. 1995), *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 156–58 (5th Cir. 1972), and *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64–65 (2nd Cir. 1998)); and (3) at least as to the OCRPF appeal the agency's denial is admissible specifically to show that "the alleged retaliators were unaware of the appeal, thereby severing any causal link between the protected activity and the alleged adverse action," *id.* at 13.

The Court will RESERVE ruling on this issue. Plaintiff shall be prepared at the pretrial conference to address whether she will forego offering her charges of discrimination to address Defendant's "sword"/"shield" argument. *See* ECF No. 146 at 11–12; *see also id.* at 14 ("The MVA acknowledges that if the Court sustains its objection to the relevance of the appeal itself, and Plaintiff is precluded from introducing it, then the MVA would have no independent reason to introduce the results.").

**Motion I (sexual orientation)**. Plaintiff has moved to exclude evidence of her sexual orientation. ECF No. 113 at 20. Defendant has no objection to this motion. Accordingly, it will be granted.

**Motion J (SVSS procedures)**. Defendant has identified several exhibits from MVA's "SSVS Procedures Manual" on its exhibit list. ECF No. 113 at 21. Neither party defines what "SSVS" stands for, but the manual appears to constitute some of Defendant's "standard operating procedures." ECF No. 146 at 16. Plaintiff concedes that because she "was terminated . . . for falsification of MVA documents," some aspects of MVA's standard procedures are relevant and admissible. ECF No. 113 at 21. But she

5

argues that "SVSS procedures relating to conducting bus investigations or any other SVSS policies" are irrelevant. *Id.*

Defendant's position is that Ms. Gibson "was terminated for falsifying official state documents, specifically school bus inspection reports, mileage logs, and time records for June 26, 2019" and thus "[t]o prove that Plaintiff's submissions were fraudulent, the MVA must demonstrate *how* inspections are mandated to be performed and recorded." ECF No. 146 at 16. Thus, Defendant contends that certain procedures laid out in its exhibits are "directly relevant to proving the falsification charge," regarding inspection procedures (which Defendant contends "will show that Plaintiff's submission of inspection data for buses she never physically touched was not merely a clerical error, but a fundamental violation of the core duties defined in these documents"), data entry and tag suspensions (to show that "falsifying these records compromises public safety and the integrity of the state's vehicle registration system"), and major defects and overdue repair orders (to "rebut any claim by Plaintiff that her actions were minor administrative lapses rather than terminable offenses"). *Id.* at 16–17. Defendant also contends these procedures are relevant to whether its "refusal to allow her to ride with male coworkers" was "based on legitimate operational needs dictated by policy," specifically related to work time and schedule, and chain of command. *Id.* at 17–18. Finally, Defendant contends that several other procedures are relevant to "impeaching" Plaintiff's "alibi" that "she was not in Kent County (where she logged her mileage) but was instead working elsewhere." *Id.* at 18.

Defendant has shown that at least some, and perhaps many, of the SVSS procedures identified on its exhibit list have probative value for the reasons set forth above. Accordingly, Plaintiff's motion will be denied insofar as Plaintiff seeks an order

6

excluding all SVSS policies. But at least on the record as set forth in the briefing on the motions in limine, it does appear that the probative value of at least some of the standard operating procedures is minimal and may be outweighed by risks of "undue delay, wasting time, or needlessly presenting cumulative evidence," *see* Fed. R. Evid. 403. Accordingly, at the pretrial conference Defendant shall specify which SVSS procedures it intends to offer into evidence, though which witness(es), and how it will ensure that the presentation of evidence of those procedures will be as efficient as possible. If Defendant does not efficiently present such evidence, the Court at trial may rule to exclude that further evidence of SVSS procedures.

**Motion K (2018 speeding reports)**. Plaintiff has moved to exclude two email threads related to the December 2018 alleged speeding incident (Def. Exs. 55 & 62), contending that the email chains contain inadmissible hearsay and in any event that any probative value of those email threads is outweighed by the risks of creating a "mini-trial concerning that event." ECF No. 113 at 21–22. Defendant responds that the events described in the email chains are relevant because they "provide the factual basis for the suspension of Plaintiff's driving privileges," which "Plaintiff herself has placed at the center of her discrimination and retaliation claims." ECF No. 146 at 19; *see also id.* ("By placing the *motive* for the suspension at issue, Plaintiff has opened the door to evidence explaining why the MVA took that action."). The Court agrees with Defendant that the fact that the report originated from Mr. Tablada and the course of that complaint is relevant. But Defendant has not addressed the hearsay objection. The Court will RESERVE on this issue and hear from the parties at the pretrial conference, including as to whether certain portions of the email chains should be redacted on hearsay grounds.

7

**Motion L (§ 1981 statutory language)**. Plaintiff has moved to exclude a defense exhibit that constituted the text of 42 U.S.C. § 1981. ECF No. 113 at 23. Defendant has withdrawn that exhibit. ECF No. 146 at 21. Accordingly, the motion will be granted as unopposed.

**Eisenberg report**. Finally, Plaintiff has filed a belated motion to exclude from evidence a written report prepared by Donna Eisenberg, Defendant's handwriting expert. ECF No. 143. Defendant has not yet responded to the motion, as the Court has not (until the present order) ruled on Plaintiff's motion for leave to file the motion in limine. ECF No. 142. The Court notes that ordinarily an expert's testimony at trial is presented through the expert's testimony, not through a written report (which is generally considered to constitute inadmissible hearsay), but will hear argument at the pretrial conference on this issue.

## Defendant's Motions in Limine

**Motion 1 (evidence of Plaintiff's medical conditions) (ECF No. 116)**. Defendant has filed a motion to exclude "all medical records, expert medical testimony, or lay testimony regarding specific medical diagnosis offered by Plaintiff MaShelia Gibson." ECF No. 116. This motion pertains to (a) Dr. DaJuana Goodman, M.D. and Anthony T. Carr, L.C.P.C., who Defendant contends "were never identified in discovery as treatment providers or potential witnesses," (b) a failure to provide adequate disclosures with respect to Dr. Seth Eaton and Dr. Marcia Levi,[4] and (c) whether Plaintiff may testify that she has suffered from depression, post-traumatic stress disorder, or high blood pressure given that although a lay witness may "testify to their

---

[4] In addition, at an earlier pretrial conference Plaintiff expressly withdrew Dr. Levin and Mr. Carr as potential witnesses. *See* ECF No. 116 at 3.

8

own perceptions of symptoms" they "cannot bridge the gap between those symptoms and a specific medical diagnosis or its cause without expert proof." *Id*. at 1–8. Plaintiff has not opposed this motion. Accordingly, it will be granted as unopposed.

**Motion 2 (ECF No. 117; *see also* ECF No. 147 (response brief))**. Defendant has filed a motion to exclude evidence of any discriminatory acts that occurred before January 25, 2019 (300 days prior to Plaintiff's charge of discrimination) in relation to Plaintiff's claims of discrimination and retaliation. The Court previously held that allegations of discriminatory acts pre-dating January 25, 2019 could not be used to support these claims. ECF No. 100 at 9–10. But the Court also held that untimely acts could potentially be used "as background evidence in support of a timely claim." *Id*. at 10 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Defendant now argues that using the untimely acts as background for the timely claim (e.g. the investigation leading to Plaintiff's termination) would be unduly prejudicial or otherwise inadmissible under Rule 403. Plaintiff argues that these acts provide important context for the timely claim and that, while these acts cannot directly support her discrimination claims, they can be used to support her hostile work environment claims. *See* Motion 3, below.

The Court RESERVES and will hear from counsel at the pretrial conference on this issue.

**Motion 3 (ECF No. 118)**. Defendant also seeks to bar the use of the untimely allegedly discriminatory acts in connection with Plaintiff's hostile work environment claim, arguing that the events are not sufficiently related to the timely acts to be relevant to Plaintiff's hostile work environment claim. Defendant also argues that the timely acts

9

do not show discrimination, and, thus, cannot be used to support a continuing hostile work environment. Plaintiff did not file a separate response brief to this motion, but she does touch on the issue in her response to Motion 2. The Court RESERVES and will hear from counsel at the pretrial conference on this issue.

**Motion 4 (ECF No. 119, regarding Pl. Ex. 21; *see also* ECF Nos. 148 (response brief) & 168 (reply brief))**. Defendant has moved to exclude Plaintiff's proposed exhibit 21, which is a July 26, 2019 email from Plaintiff to Hank Hollis. The email (ECF No. 148-1) constitutes inadmissible hearsay if offered by Plaintiff. Plaintiff may testify about the events described in her July 26, 2019 email (unless otherwise excluded by another of the Court's evidentiary rulings); she may not prove her case through her own out-of-court statements that she now wishes to offer for the truth of the matters contained therein. And although Plaintiff contends that the email should be admitted for non-truth purposes (to show "Ms. Gibson's fragile mental and emotional condition" at the time of the email), ECF No. 148 at 2, the email constitutes a factual recitation of events and a description of Ms. Gibson's own beliefs and mental states, not the type of document that has evidentiary value independent of the factual assertions contained therein. Accordingly, Defendant's motion #4 will be granted.

**Motion 5 (ECF No. 120, regarding "Inquiry Information" form; *see also* ECF No. 149 (response brief))**. Defendant has moved to exclude a document containing Bates No. Gibson 001-003. ECF No. 120. In response, Plaintiff states she has no intention of offering that document into evidence. ECF No. 149. Accordingly, that motion will be granted as unopposed.

**Motion 6 (ECF No. 121, regarding Salgado comparator evidence and union representative testimony; *see also* ECF Nos. 150 (response brief) & 169 (reply brief))**. As noted above with respect to Plaintiff's motion C, Ms. Gibson contends that the fact that employee Merrennege Salgado was not terminated is evidence that Plaintiff's termination was because of unlawful discrimination. Defendant has filed a motion to (a) exclude evidence related to Mr. Salgado or (b) at a minimum preclude two union representatives from testifying about the Salgado events. ECF No. 121. In response, Plaintiff contends that Mr. Salgado is a relevant comparator and suggests that when Judge Hurson considered the evidence related to Mr. Salgado in denying Defendant's motion for summary judgment (ECF No. 61 at 35–39) the Court ruled *as a matter of law* that Mr. Salgado is an apt comparator and that this is "the law of the case." ECF No. 150. The law-of-the-case doctrine is inapplicable given that this case has not yet gone to the Court of Appeals. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (explaining that the doctrine applies once "the decision of an *appellate* court establishes the law of the case") (emphasis added). But for the reasons Judge Hurson articulated, there are sufficient similarities between how Ms. Gibson and Mr. Salgado were situated to permit a jury to consider those alleged discrepancies in deciding whether Ms. Gibson can prove that she was fired because of her race or gender. This is far from establishing that they are *in fact* comparable such that differences in how they were disciplined actually proves that Ms. Gibson's termination was the product of discrimination. But the evidence is sufficient to be presented to the jury.

But the fact that Plaintiff may present *some* evidence of the Salgado situation does not answer the question of *how much* such evidence Plaintiff may present. The only relevance of the Salgado situation is insofar as it bears on whether Plaintiff's

11

termination was the product of discrimination. The Court will not permit an extended mini-trial on the Salgado situation. Evidence related to Mr. Salgado will be limited to *admissible* evidence and will be limited to no more than 30 minutes of testimony per side.[5] Accordingly, motion #6 will be granted in part and denied in part.

**Motion 7 (ECF No. 122, regarding lost wages; *see also* ECF Nos. 151 (response brief) & 170 (reply brief))**. Defendant contends that Plaintiff waived any claim for lost wages during her deposition, and in any event evidence of a job announcement and offer for Plaintiff's subsequent employment with the D.C. Department of Transportation are irrelevant or should be excluded as confusing. ECF No. 122. The Court concludes that Plaintiff did not waive a backpay claim during the deposition. But Plaintiff has now withdrawn the two objected-to exhibits, and in any event, as Plaintiff points out, any claim for backpay is equitable and thus would be determined solely by the Court, after trial, in the event the jury finds for Plaintiff on liability. *See* ECF No. 151 at 2. It may turn out that Plaintiff is not entitled to backpay in

---

[5] In reply, Defendant argues that setting aside whether the evidence related to Mr. Salgado was sufficient at the time of the parties' briefing on summary judgment to create a triable dispute on the comparator issue, a more recent Fourth Circuit case establishes that the evidence related to Mr. Salgado is irrelevant as a matter of law and is inadmissible. ECF No. 169 at 3 (citing the holding in *Cosby v. South Carolina Probation, Parole & Pardon Services*, 93 F.4th 707, 716 (4th Cir. 2024), that "[a]bsent any record evidence that would allow a factfinder to conclude that the decision to investigate Cosby and the decision not to investigate Stewart were made by the same supervisor or supervisors, Cosby's disparate treatment claim fails"); *see also id*. ("While Plaintiff claims that Groff instigated the investigation against Plaintiff, there is no dispute that Groff did not instigate the investigation against Salgado."). The Court agrees that because Ms. Gibson and Mr. Salgado had different supervisors, if that evidence has any probative value it is minimal—particularly for the reasons Defendant articulates on page 4 of its reply brief. Accordingly, the Court in the exercise of its discretion under Rules of Evidence 401 and 403 will permit evidence on the Salgado situation, but will limit it to 30 minutes per side.

any event, but that can be addressed in post-trial motions. For these reasons, the motion will be granted.

**Motion 8 (ECF No. 123, regarding January 2018 Groff email;** *see also* **ECF Nos. 154 (response brief) & 171 (reply brief))**. On January 28, 2019, Mr. Groff emailed Genice Fowler, an MVA EEO officer, contending that "comments" from Ms. Gibson were being 'broadcasted" and were "causing an unfavorable work environment," and asking Ms. Fowler whether those comments constitute "Defamation of Character." ECF No. 154-1. Defendant has moved to exclude that email as irrelevant, or under Rule 403 to avoid a "collateral 'mini-trial' regarding the definition of defamation, whether Plaintiff's statements about Mr. Groff were actually false . . . , and whether Mr. Groff was justified in his feelings." ECF No. 123 at 3. Although the email does appear to have only minimal probative value if any, the Court overrules Defendant's Rule 401/403 objections, and thus will deny the motion.

**Motion 9 (ECF No. 124, regarding testimony by Plaintiff about the MVA computer system;** *see also* **ECF Nos. 152 (response brief) & 172 (reply brief))**. The Court RESERVES and will hear from counsel at the pretrial conference on this issue.

**Motion 10 (ECF No. 125, regarding alleged statements by Mr. Groff;** *see also* **ECF Nos. 153 (response brief) & 1173 (reply brief))**. The Court RESERVES and will hear from counsel at the pretrial conference on this issue.

**Motion 11 (ECF No. 126, regarding referring to MVA investigators' surveillance as "stalking";** *see also* **ECF Nos. 155 (response brief) & 174 (reply brief))**. At deposition, Ms. Gibson stated that when she was being surveilled by MVA investigators as part of their investigation, she believed she was being "stalked."

13

Defendant concedes that Ms. Gibson "may factually testify that she was 'followed,' 'observed,' or 'under surveillance,'" but that "the legal conclusion and emotionally charged label of 'stalking' must be precluded" because (1) "stalking" is a criminal offense and there is no evidence that the MVA investigators were committing any crime by surveilling her, and (2) permitting Plaintiff to describe the surveillance as "stalking" would "invite[] the jury to make an emotional decision based on the criminal connotation of the word rather than the facts of the employment dispute." ECF No. 126 at 2–3. Plaintiff responds that she should be permitted to describe her subjective belief "that someone was stalking her" and that she called the police department to make her report. The Court concludes that although Plaintiff may testify that the investigation entailed surveillance of her, she may not describe it as "stalking" because that would open up a collateral mini-trial about what constitutes "stalking," why the investigators were engaged in the surveillance, her interactions with law enforcement, etc. Accordingly, this motion will be granted.

**Motion 12 (ECF No. 127, regarding alleged waiver of race discrimination claim;** *see also* **ECF Nos. 156 (response brief) & 175 (reply brief))**. At her deposition on August 1, 2022, Ms. Gibson was asked three times whether she believed she was discriminated against on the basis of her race (in addition to sex and gender discrimination), and each time she said no. *See* ECF No. 127 at 1–2 (citing deposition testimony). Based on that testimony, Defendant contends Plaintiff has waived any claim for discrimination on the basis of race, and has moved to exclude any evidence or argument of racial discrimination. *Id*. at 2. Plaintiff does not dispute that the testimony was given, but argues that she should be permitted to walk back that waiver because later Plaintiff produced the evidence related to Mr. Salgado, which as

14

discussed above Plaintiff believes proves that her termination was the product of racial discrimination.

To the extent this motion seeks to exclude evidence at trial, the motion will be denied; if Plaintiff believes there is evidence that her termination was the product of race discrimination, it will be admitted (unless otherwise excluded by another of this Court's evidentiary rulings). But the testimony that Plaintiff gave at deposition may very well have constituted an intentional relinquishment of a known right. This Court's ruling that such evidence is admissible is without prejudice to the question of whether Defendant may be entitled to judgment on such claim in the event of a verdict on grounds of race discrimination.

### **Conclusion and Order**

For the reasons stated above, the Court hereby ORDERS as follows:

1.  Plaintiff's Motion in Limine (ECF No. 113) is GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART, as follows:

    a. Motion A – DENIED (in part as moot, in part on the merits);

    b. Motion B – DENIED;

    c. Motion C – DENIED;

    d. Motion D – DENIED;

    e. Motion E through H– RESERVED;

    f. Motion I – GRANTED;

    g. Motion J – DENIED IN PART, RESERVED IN PART;

    h. Motion K – RESERVED;

    i. Motion L – GRANTED.

2. Plaintiff's motions for leave to amend the pre-trial order (ECF No. 140) and to file a second motion in limine regarding the Eisenberg Report (ECF No. 142) are GRANTED.

3. Plaintif's motion in limine to exclude the Eisenberg report, Def. Ex. 90 (ECF No. 143) is RESERVED.

4. The Court rules on Defendant's motions in limine as follows:

   a. Motion 1 (ECF No. 116) – GRANTED (no opposition filed);

   b. Motion 2 (ECF No. 117) – RESERVED;

   c. Motion 3 (ECF No. 118) – RESERVED;

   d. Motion 4 (ECF No. 119) – GRANTED;

   e. Motion 5 (ECF No. 120) – GRANTED (unopposed);

   f. Motion 6 (ECF No. 121) – GRANTED IN PART, DENIED IN PART;

   g. Motion 7 (ECF No. 122) – GRANTED (without prejudice to asserting a posttrial equitable claim for backpay in the event of a verdict for Plaintiff on liability);

   h. Motion 8 (ECF No. 123) – DENIED;

   i. Motion 9 (ECF No. 124) – RESERVED;

   j. Motion 10 (ECF No. 125) – RESERVED;

   k. Motion 11 (ECF No. 126) – GRANTED;

   l. Motion 12 (ECF No. 127) – DENIED.

5. By **March 2, 2026, at 3:00 p.m. ET**, <u>Defendant</u> shall submit via flash drive a copy of the following exhibits, the admissibility of which the Court has reserved ruling on and that will be discussed at the pretrial conference:

   a. Plaintiff's Ex. 21; and

      b. Defendant's Exs. 55, 60, 62–65, 68–84, 90.

Date: February 26, 2026

                                                   /s/
                                        Adam B. Abelson
                                        United States District Judge