**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MASHELIA GIBSON,

    *Plaintiff*,

    v.

MARYLAND MOTOR VEHICLE
ADMINISTRATION,

    *Defendant*

Action No. 20-cv-3220-ABA

**MEMORANDUM OPINION AND ORDER**

Upon consideration of Defendant's motion to strike and exclude the *de bene esse* deposition testimony of Plaintiff's handwriting expert, Wendy Carlson (ECF No. 193) and the response thereto (ECF No. 194), and for the reasons stated during the April 6, 2026 hearing on the motion, it is ORDERED that the motion is GRANTED and Ms. Carlson's *de bene esse* deposition testimony is STRICKEN and EXCLUDED from use at trial.

In her expert report, Ms. Carlson's opined on whether a series of initialed signatures designated Q1 through Q4, found on a mileage log, were written by Ms. Gibson, by comparing those initialed signatures to a set of known initialed signatures from Plaintiff designated K1 through K5. *See* ECF No. 193-1 (report). The parties held a *de bene esse* deposition of Ms. Carlson on April 2, 2026, at which Ms. Carlson agreed that this was the question asked and the opinion that she offered in her report. *See* ECF No. 193-2, Tr. 123:10–23. *(*"Q: Just to be 100 percent crystal clear, your -- the opinion you rendered in your report was that the -- the initials here at the end of these three lines and the initials here on this line were the only things that you rendered an opinion as to the -- the authorship of those lines, correct, those writings? A: That's -- yes, sir. Q:

And it was your official opinion that those four sets of initials were not signed by the person that provided you the purported known signatures, correct? A. Correct.").

At her deposition, Ms. Carlson did not give any testimony on that opinion. Instead, she testified only regarding additional opinions that were not included in her expert report, including that based on the all the writing on the mileage log (rather than just the initialed signatures), the third entry had been written by someone different than the person who wrote the first two entries. That opinion was not disclosed in her expert report, which as noted above was limited to the opinion that the initialed signatures on the mileage log (labeled Q1 through Q4) were written by someone different than the person who wrote the known initialed signatures (labeled K1 through K5).

Plaintiff's counsel acknowledged at the deposition that Ms. Carlson did not testify regarding the opinion found in her expert report. ECF No. 193-2, Tr. 116:1–12. *("Q: Now, Ms. Carlson, in this case, you rendered an opinion when you compared those initials at the end of the line to the full signatures in the -- your known exemplars. And your opinion was that it was highly probable that the question -- that the – Q1 through Q4 were forged. Isn't that – wasn't that your opinion?" MR. DAY: Objection. Mischaracterizes the testimony. MR. DEBES: She hasn't testified to it yet.").* And Ms. Carlson herself acknowledged that the additional opinions she gave during the deposition were not found in her report. ECF No. 193-2, Tr. 122:21–123:9. *("Q: And there are no specific findings that you made in the report regarding line three compared to lines one and two, correct? A. Correct. Q: And there are no specific findings in the report where you compared the Q1 through 4 signatures against each other, correct? A: Correct. Q: And you rendered no opinion on your official report about line three compared to lines one and two, correct? A: Correct.").* Finally, although Plaintiff did not

file a rebuttal report, Ms. Carlson provided rebuttal testimony during her *de bene esse* deposition. ECF No. 193-2, Tr. 28–38.

Rule 26(a)(2)(B) requires that a retained expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B); *see also Osunde v. Lewis*, 281 F.R.D. 250, 257 (D. Md. 2012). And if an expert intends to rebut the opposing party's expert witness, counsel must file an additional report. Fed. R. Civ. P. 26(a)(2)(D)(ii). Similarly, a party must supplement an expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(a)(2)(E), (e)(1)(A).

Ms. Carlson's report disclosed a single opinion: "that it is highly probable that the person who signed the Mashelia Gibson signatures on the 'K' documents was not the author of the Mashelia Gibson signature on the questioned document" (in other words that "the person who signed the Mashelia Gibson signatures on the 'K' documents was not the author of the Mashelia Gibson signatures on the upper right section of the questioned document"). ECF No. 193-1 at 3. As stated, Ms. Carlson's testimony at the *de bene esse* deposition did not address that opinion; Plaintiff no longer offers expert testimony at trial on the sole opinion for which she disclosed an expert report. Instead, Plaintiff wishes to have Ms. Carlson offer different opinions at trial, including comparing the initials *among* the "Q" initials—and more broadly to opine about other "markings" on the mileage log—to opine that different people likely wrote different parts of the mileage log. That opinion is untethered to any comparison to Ms. Gibson's known initials (the "K" signatures). Thus, the opinion that Plaintiff elicited at the *de bene esse* deposition and wishes to offer at trial was not among those stated in Ms. Carlson's

3

report, as required by Rule 26(a)(2)(B). And Plaintiff never disclosed any supplemental or rebuttal report from Ms. Carlson, as would be required for Plaintiff to be permitted to offer opinions from Ms. Carlson beyond those contained in her original report.

For these reasons, Ms. Carlson's *de bene esse* deposition testimony is subject to exclusion at trial under Rule 37(c) "unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff's counsel's questioning at the deposition shows that they were aware of Ms. Carlson's additional opinions and rebuttals, yet they did not file a supplementary report. In her response, Plaintiff argues that the new arguments were not new and were consistent with the findings in the report. This is an inaccurate depiction of Ms. Carlson's report and her deposition testimony, as explained above; the testimony offered constitute opinions that were not disclosed in Ms. Carlson's report. Plaintiff also argues that allowing the use of Ms. Carlson's *de bene esse* deposition testimony at trial will not cause any prejudice because Defendant should have been aware that Ms. Carlson would proffer the opinions that she gave during the deposition. The Court concludes that Plaintiff has not provided substantial justification for her failure to supplement Ms. Carlson's report and that the result is not harmless because Defendant was not able to have its expert review the new opinions or effectively cross-examine Ms. Carlson on them.

Because Plaintiff has failed to comply with the expert disclosure requirements in Rule 26(a)(2), and because the failure is neither substantially justified nor harmless under Rule 37(c), Defendant's motion to exclude Ms. Carlson's *de bene esse* testimony is granted, and Plaintiff may not offer or refer to that testimony at trial. This order does not necessarily preclude Plaintiff from calling Ms. Carlson to testify at trial about the opinion that *was* properly disclosed (though to do so Plaintiff would need to call Ms.

Carlson as a live witness at trial, as the time has passed for any *de bene esse* depositions to occur). As stated during the hearing, if Plaintiff wishes to call Ms. Carlson as a witness, she would need to provide notice to Defendant and the Court of such intent, because Defendant has alternatively moved to exclude Ms. Carlson's testimony based on an inadequate methodology or factual basis. Following the hearing, Plaintiff filed a notice stating that she does not intend to call Ms. Carlson at trial. Accordingly, the Court need not and does not rule on the merits or timing of Defendant's alternate argument for excluding Ms. Carlson's testimony.

Finally, as discussed in more detail during today's hearing, Plaintiff may generally testify about how she writes and what she did or did not write, but Plaintiff may not testify about issues requiring specialized knowledge of handwriting analysis.


April 6, 2026                    _____/s/_____
                                 Adam B. Abelson
                                 United States District Judge

5